**Motion to Dismiss Denied; Affirmed and Memorandum Opinion filed August 30, 2019.**



In the

# Fourteenth Court of Appeals

---

### NO. 14-18-00045-CV

---

## MARK ANTHONY FORNESA; JUDY THANH FORNESA; RICARDO FORNESA, JR.; AND CYNTHIA FORNESA, Appellants

### v.

## FIFTH THIRD MORTGAGE COMPANY, Appellee

---

**On Appeal from the County Court at Law No 1**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-CCV-060874**

---

### PER CURIAM

This is an eviction case from a residence; it arises out of a forcible-detainer proceeding in the justice court. *See* Tex. Prop. Code Ann. §§ 24.002, .004. After a bench trial, the justice court (1) found pro se defendants "Mark Anthony Fornesa; Cynthia Fornesa and All Occupants of 6427 Moreland Lane, Rosenberg Tx 77469" guilty of forcible detainer and (2) awarded possession of 6427 Moreland Lane, Rosenberg, Texas 77469 to plaintiff Fifth Third Mortgage Company. *Fifth Third*

*Mortg. Co. v. Fornesa*, No. 17-JEV12-12288 (J.P. Ct. Precinct 1, Pl. 2, Fort Bend Co., Tex. Sept 12, 2017). The judgment authorized a writ of possession. *See* Tex. Prop. Code Ann. § 24.0061.

Ricardo Fornesa, Jr., a non-lawyer, filed a notice of appeal on behalf of Mark Anthony Fornesa, Judy Thanh Fornesa, and Occupants Ricardo Fornesa, Jr. and Cynthia Fornesa.[1] *See* Tex. R. Civ. P. 506.1. The case was tried de novo in the county court. *See* Tex. R. Civ. P. 506.3.

At trial, plaintiff Fifth Third Mortgage Company offered without legal objection, and the court admitted, the following exhibits:

(1) foreclosure-sale deed (grantors Mark Anthony, Judy Thanh; mortgagee Fifth Third Mortgage Company);

(2) deed of trust;

(3) business records affidavit of notices to vacate the property; and

(4) memorandum findings of fact and conclusion of law in *Fornesa v. Fifth Third Mortg. Co.*, No. 4:15-CV-02094 (S.D. Tex. Mar. 23, 2017) ((a) voiding January 28, 2015 [sic] quitclaim deed from Mark Anthony and Judy Thanh to Ricardo and Cynthia and (b) rejecting argument that foreclosure proceeding violated 11 U.S.C. § 362 bankruptcy stay).

The only defendant to appear at trial was Ricardo, who offered, and the court admitted, the following exhibits:

(A) declaration of Philip Danaher filed in *Fornesa v. Fifth Third Mortg. Co.*, No. 4:15-CV-2094 (S.D. Tex. Mar. 23, 2017);

(B) notice of bankruptcy filing *In re Fornesa*, No. 12-37238 (Bankr. S.D. Tex.);

(C) January 8, 2015 quitclaim deed from Mark Anthony and Judy Thanh to Ricardo and Cynthia;

(D) sales history report page from Fifth Third Mortgage Co.;

---

[1] To shorten the opinion, we will use first names for the Fornesas, but in doing so we mean no disrespect.

(E) affidavit of substitute trustee's deed;

(F) check #2606 from Ricardo to Fifth Third Bank;

(G) USPS tracking information;

(H) Fifth Third Bank mortgage loan statement;

(I) docket for *Fornesa v. Fifth Third Mortg. Co.*, No. 17-20324 (5th Cir.);

(J) docket for *Fornesa v. Fifth Third Mortg. Co.*, No. 4:17-CV-02728 (S.D. Tex.); and

(K) February 28, 2010 equity sharing agreement of real property between "Occupiers" Mark Anthony and Judy Thanh and "Investor" Ricardo.

Ricardo's argument at trial centered on the title to the property and the validity of the foreclosure sale in light of the bankruptcy proceeding.

After a bench trial, the county court at law rendered judgment that recited that (1) Mark Anthony failed to appear, (2) Judy Thanh failed to appear, (3) Ricardo appeared pro se, and (4) Cynthia failed to appear. The court found that plaintiff Fifth Third Mortgage Company was entitled to judgment against defendants "Mark Anthony Fornesa, Judy Thanh Fornesa, Ricardo Fornesa, Jr., and Cynthia Fornesa and all other occupants thereof for possession of the real property and improvements located at 6427 Moreland Lane, Richmond, Fort Bend County, Texas 77469." *Fifth Third Mortg. v. Fornesa*, No. 17-CCV-060874 (Fort Bend Co. Ct. at Law. No. 1, Tex. Jan. 10, 2018). The judgment authorized a writ of possession. The writ was executed on March 5, 2018 by the Fort Bend County Precinct 1 Constable, and the appellants no longer are in possession of the residence.

Mark Anthony, Judy Thanh, Ricardo, and Cynthia, all pro se, filed a notice of appeal to this court. *See* Tex. Prop. Code Ann. § 24.007(b). A pro se appellants' brief was filed by all four appellants. In that brief the following issues are raised:

      1.    Was the check of $7,019.22 received by Fifth Third Bank

on April 29, 2015 be considered the FULL PAYMENT to cure the default to make the account current as of April 30, 2015 if they deposited it on the date that they received it?

2. Was the unlawful foreclosure occurred when Fifth Third Mortgage Company transferred Debtors' property in their name while the automatic stay under 11 USC § 362 was in place without seeking relief from the Bankruptcy Court?

3. Was there a criminal conspiracy between Brian P. Moore, Kendra Wiley, Malik Cheatam, & Michelle Fancher that caused willful foreclosure that resulted in Debtors' eviction from their residential homestead on Feb. 28, 2018?

4. Was Judge Hoyt's Findings of Fact and Conclusions of Law an abuse of discretion when he favored unlawful foreclosure so that Fifth Third can prevail without seeking relief from the Bankruptcy Court to pursue that willful foreclosure?

5. Was it right that Debtors got evicted based on unlawful foreclosure followed by another unlawful detainer action committed by Fifth Third without seeking relief from Bankruptcy Court and approved by County Judge Domburg and Judge Morales on January 10, 2018 when they signed the Final Judgment while Debtors were protected by automatic stay pursuant to 11 U.S.C. § 362(a)?

6. Was it just that Final Judgment of Judge Domburg and Judge Morales following the highly-questionable Findings of Fact and Conclusions of Law of Judge Hoyt be vacated and declared a nullity and that a new trial be ordered?

7. Was it just and fair that the Appellate Court reverse the lower court's Abuse of Discretion in evicting Debtors and Registered Owners based on the erroneous legal standards and clearly erroneous Findings of Fact of Judge Hoyt?

After Fifth Third Mortgage Company filed its appellee's brief, Mark Anthony, Judy Thanh, Ricardo, and Cynthia, all pro se, filed a appellants' reply brief. In that brief the following issues are raised:

1. Did Fifth Third Mortgage Company present sufficient evidence to support the Trial Court's Judgment?

2. Did Kendra Wiley and Malik Cheatam make the Affidavit

4

of Mortgagee, with knowledge of its falsity, and caused it to be filed and recorded into the governmental records held by the County Clerk of Fort Bend County in violation of Penal Code Chapter 37, Section 37.02?

3. Did Kendra Wiley and Malik Cheatam make the Affidavit of Mortgagee, with knowledge of its falsity, and caused it to be filed and recorded into the governmental records held by the County Clerk of Fort Bend County in violation of Penal Code Chapter 37, Section 37.03?

4. Did Kendra Wiley and Malik Cheatam make the Affidavit of Mortgagee, with knowledge of its falsity, and caused it to be filed and recorded into the governmental records held by the County Clerk of Fort Bend County in violation of Penal Code Chapter 37, Section 37.04?

5. Did Kendra Wiley and Malik Cheatam make the Affidavit of Mortgagee, with knowledge of its falsity, and caused it to be filed and recorded into the governmental records held by the County Clerk of Fort Bend County in violation of Penal Code Chapter 37, Section 37.10?

6. Did Michelle Fancher testify under oath that Relators Ricardo Fomesa Jr. and Mark Anthony Fornesa called Fifth Third multiple times after the foreclosure?

7. Did Fifth Third Bank Senior Vice-President Brian P. Moore purposely does not deposit the $7,019.22 check to cure the default to pursue the willful foreclosure on May 5, 2015?

8. Was there a criminal conspiracy that took place which caused the willful foreclosure and unlawful eviction of the rightful owners of the property?

We first note that as a non-lawyer, Ricardo had no authority to sign the notice of appeal from the justice court on behalf of Mark Anthony, Judy Thanh, and Cynthia. In any event, Mark Anthony, Judy Thanh, and Cynthia failed to appear at the trial de novo in the county court at law; therefore, they have not preserved any error in the trial court's judgment that is not fundamental error or a complaint regarding the sufficiency of the evidence. *See* Tex. R. App. P. 33.1.

5

Appellants' briefs almost entirely complain of alleged error that was not preserved in the county court at law and refer to documents and other items in the clerk's record, rather than the exhibits that were offered and admitted into evidence at trial. In substance, appellants' briefs most resemble a plaintiffs' original petition, as they discuss facts outside the record and allege causes of action.

We are an appellate court, not a trial court. *See* Tex. Const. art. V., § 6(a); Tex. Gov't Code Ann. 22.220(a). We cannot reverse a trial court's judgment unless (a) we conclude the trial court made an error of law and (b) we conclude that the error complained of probably caused the rendition of an improper judgment. Tex. R. App. P. 44.1(a). Accordingly, we will limit our discussion to the issues that relate to the trial-court proceeding.

On page 11 of appellants' brief, Ricardo claims as follows:

A portion of the Transcript of Eviction [sic] Appeal hearing on January 10, 2018 will show why Debtor Ricardo Fornesa Jr. was not given due process of law and equal protection of the laws when Associate Judge Domburg and Presiding Judge Morales could have decided the eviction appeal based on documentary evidences [sic] submitted before the trial and not based on Judge Hoyt's questionable Memorandum Findings of Fact and Conclusions of Law which had been appealed in United States Court of Appeals Fifth Circuit because they were alleged to be an abuse of discretion.

As best we understand this argument, it appears that Ricardo complains that the trial judge did not disregard United States District Judge Hoyt's Findings of Fact and Conclusions of Law in a separate federal lawsuit. Ricardo neither explains, either in the trial court or in this court, why state courts can collaterally attack federal court proceedings in this regard, nor does he cite specific facts or authority for his contention that the trial court violated his rights to due process and equal protection.

On page 21 of appellants' brief, Ricardo argues that the foreclosure violated

6

the federal bankruptcy stay under 11 U.S.C. § 362. Judge Hoyt rejected the argument that the bankruptcy stay applies, and Ricardo cites no authority persuading us that we should ignore comity and not follow the federal court decision. *See Fornesa v. Fifth Third Mortg. Co.*, No. 4:15-CV-02094 (S.D. Tex. Mar. 23, 2017).

We also observe that most of appellants' complaints relate to the title of the residence. This appeal arises of out a forcible-detainer proceeding in the justice court. The justice court has jurisdiction to determine who has a superior right of possession in eviction suits. Tex. Prop. Code Ann. §§ 24.001, .004. The district court has jurisdiction to determine questions of title. Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 26.043. We must review the judgment before us, and questions of title cannot be determined in an eviction suit. *See* Tex. R. Civ. P. 510.3(e).

We have read the briefs and considered all of appellants' issues. We deny all of appellants' issues, dismiss as moot appellee's motion to dismiss the appeal, and we affirm the judgment of the county court at law.

PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.

7